Francis Gagnon and Florence Gagnon v. Commissioner.
Gagnon v. Commissioner
Docket No. 3216-62.
United States Tax Court
T.C. Memo 1964-52; 1964 Tax Ct. Memo LEXIS 283; 23 T.C.M. (CCH) 397; T.C.M. (RIA) 64052; March 2, 1964
*283 Amount of taxicab tips determined. William M. Poindexter for the petitioners. Herbert T. Ikazaki for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency of $167.08 in petitioners' income tax for 1959. The only issue is whether respondent correctly determined that petitioner Francis Gagnon received $900 in tips as a taxicab driver, petitioners having reported only $184.50 from that source during the year before us. Findings of Fact Some of the facts have been stipulated and are hereby found as stipulated. Petitioners, husband and wife, reside at 217 South Tenth Street, Las Vegas, Nevada. They filed a joint income tax return for 1959 with the district director of internal revenue at Reno, Nevada. From 1948 to October 1962, petitioner Francis Gagnon (hereinafter sometimes referred to as "petitioner") was employed by the Lucky Cab Company as a taxi driver in Las Vegas, Nevada. Lucky Cab Company is primarily engaged in the business of transporting persons for fares in and around Las Vegas. During 1959, petitioner drove a taxi for Lucky Cab Company for fifty (50) weeks, Monday through Saturday, *284 and was on vacation for two weeks. During 1959, the taxi fares charged by Lucky Cab Company and other taxi companies in Las Vegas engaging in business similar to that carried on by it were registered on fare meters installed in each vehicle. The fare meters were goared to establish the fares on the following basis: a. Fifty cents minimum, or per "flag throw," for the first two-thirds of a mile; and b. Ten cents per quarter mile thereafter. Petitioner was not responsible for operating expenses, such as gas, oil, and repairs, relating to the vehicle he drove. For the period January 1, 1959, to August 8, 1959, petitioner earned and received 48 percent of each day's gross receipts, exclusive of tips, or $9.50, whichever was greater. For the period August 8, 1959, to January 1, 1960, petitioner earned and received 50 percent of each day's gross receipts, exclusive of tips, or $11, whichever was greater. During 1959 petitioner collected taxi fares (gross receipts) totaling $9,080.65. He earned and received $4,689.51 as his share of this amount, exclusive of tips. During 1959, petitioner carried out his duties as a taxi driver for Lucky Cab Company during the hours of 6:00 a. *285 m. to 3:00 p.m. Taxicab tipping generally was higher in the evening and nighttime hours than during the day. During 1959, petitioner transported a number of passengers who charged their fares and did not pay tips. Petitioner was not restricted to any limited territory or section of Las Vegas, but was free to seek out patrons wherever he chose. Generally, on petitioner's working days he clipped scrap pieces of paper to his waybill board. He recorded on those papers the tips, if any, after each ride. At the end of each day he totaled the amounts, transcribed the sum into a notebook (which was introduced into evidence), and discarded the scrap of paper. Petitioner computed the total of these daily sums for 1959 as $184.50 and reported that amount as "Tips (Record Kept)" on his income tax return for that year. [1]
Petitioner received $200 in taxicab tips during 1959. Opinion Petitioner contends that he kept adequate and accurate records of his taxicab tip receipts for 1959 and that these records support the $184.50 item reported on his return as *286 income from that year. Respondent maintains that petitioner's income from that source should have been approximately 10 percent of petitioner's gross taxicab fares. The amount of petitioner's tip income is a factual question to be decided on the basis of the record before us. Petitioner testified as to the method he used to report his tip income. We are satisfied from his testimony, including his demeanor, that the record was honestly kept. It tends to support the figures reported on his return. Respondent introduced the testimony of several other persons who drove taxicabs in Las Vegas during 1959. Their testimony tended to show that they believed that their tips generally averaged out to approximately 5 to 10 percent of their gross fares. Of the nine witnesses who testified on this point, one indicated that he had kept records for a period of approximately two months. The remaining witnesses indicated that they kept no records of tips. We have no reason to believe that the recollections of these witnesses, assuming that such recollections accorded with their experiences, were representative of the experience of all taxicab drivers in Las Vegas during 1959. We see no persuasive *287 reason in this record to disbelieve petitioner's testimony or to conclude that petitioner deliberately fabricated his records. We recognize that errors may have occurred by way of omission when petitioner's business was especially active. We noted one slight error in the daily summary of tips and others might have occurred, which are not subject to examination since the original scraps of paper were discarded. On the basis of the record as a whole we have concluded that petitioner received $200 in taxicab tips during 1959. Decision will be entered under Rule 50. Footnotes
1. The total of these daily sums is $184.90, petitioner having made an error of 40 cents in computing one of the weekly subtotals.↩